UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JONATHAN KUJAK, | Civil No. 14-815 (JRT/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| THE STATE OF MINNESOTA HOUSE OF REPRESENTATIVES, | |
| Defendant. | |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). The facts supporting a

plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."  Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, most of Plaintiff's complaint is incomprehensible.  As far as the Court can tell, Plaintiff is attempting to sue the Minnesota House of Representatives for failing to enact legislation that would legalize "medical marijuana."  However, the complaint does not present a coherent description of the purported factual or legal grounds for this attempted lawsuit.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plaintiff's current complaint does not meet this standard.  The Court finds that even with the liberal construction that is required in pro se cases, Plaintiff's complaint clearly fails to state a cause of action on which relief may be granted.[1]

Because Plaintiff has failed to plead an actionable claim for relief, his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Having determined that this action must be summarily dismissed for failure to state a claim, the Court will further recommend that Plaintiff's anomalous collateral

---

[1] The Court also notes that Plaintiff appears to be seeking a judgment against a body of state legislators for acts or omissions directly related to the performance of their legislative duties.  Therefore, even if Plaintiff had presented a more coherent explanation of the factual and legal bases for his claims, this action would undoubtedly be barred by the doctrine of legislative immunity.  See Brown v. Griesenauer, 970 F.2d 431, 435 (8th Cir. 1992) ("[l]egislators are... protected by absolute immunity for actions taken in their legislative capacity"); Gorman Towers, Inc. v. Bogoslavsky, 626 F.2d 607, 612 (8th Cir. 1980) ("state and regional legislators have an absolute federal common law immunity from liability for damages occasioned by their legislative acts, an immunity which Congress left undisturbed with its passage of the civil rights provision now codified at 42 U.S.C. § 1983").

motion seeking some unspecified relief, (Docket No. 2), be summarily denied.

Finally, the Court notes that Plaintiff has filed several previous lawsuits in this District that have been summarily dismissed.  In one of the last such cases, Kujak v. HTTP:/WWW.MNCIS.COM, Civil No. 13-786 (JNE/JJK), Magistrate Judge Jeffrey J. Keyes cautioned Plaintiff that if he filed another plainly inadequate complaint, his ability to file more actions might be restricted.  That warning was repeated in a more recent Report and Recommendation filed by Magistrate Judge Tony N. Leung in Kujak v. See Disclosure, Civil No. 14-422 (ADM/TNL), (Report and Recommendation dated March 20, 2014, [Docket No. 6].)  Plaintiff has now flouted that warning by filing yet another frivolous complaint.  Therefore, this Court finds that it is now time to restrict Plaintiff's ability to file further actions in this District.

Pro se litigants do, of course, have a right of access to the courts.  That right, however, does not ensure an unrestricted opportunity to file frivolous, malicious or abusive lawsuits.  See In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988) ("there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious'"), (quoting Phillips v. Carey, 638 F.2d 207, 208 (10th Cir.), cert. denied, 450 U.S. 985 (1981)). "Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." Tyler, 839 F.2d at 1292.  Such "excessive litigation" imposes "unnecessary burdens on, and the useless consumption of, court resources."  Id.  A federal court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." Id. at 1292, 1293.

Given Plaintiff's record of filing baseless lawsuits, it is now necessary and appropriate to protect the District Court and its staff from any further abusive submissions by Plaintiff.  Therefore, the Court recommends that the presiding District Court Judge in this case should enter an order that will restrict Plaintiff's ability to file further actions in this District.  This Court believes that Plaintiff should not be allowed to file any more actions in this District, unless he is represented by counsel, or obtains pre-authorization from a judge or magistrate judge.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2.  Plaintiff's collateral motion seeking unspecified relief, (Docket No. 3), be **DENIED**; and

3.  This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: March 27, 2014

    s/Franklin L. Noel
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 10, 2014**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.